JULIUS GOTTBERG, as Executor, etc., Appellant, *v.* THE UNITED
STATES NATIONAL BANK, Respondent.

While to charge a purchaser or pledgee, from an executor, of the personal
assets of the estate, it is not essential to show that the former had direct
evidence that the money paid or advanced by him to the executor was
for a purpose not connected with his administration; it is requisite to
show facts that would have put an ordinarily prudent person upon
inquiry, and the facts established must furnish reasonable ground for
believing in the existence of some dishonest intention on the part of the
executor to misapply the money.

Where, therefore, in an action against a bank to recover certain railroad
bonds registered originally in the names of the executors of an estate,
which had been pledged by one of the executors as security for a loan,
the only facts proved aside from the registering was that the note given
for the loan was signed by the borrower individually, without adding
the word executor, and that the check given for the loan was drawn to
his individual order, *held,* that the evidence failed to charge defendant
with notice of an intent on the part of the co-executor, to missappro-
priate the money loaned, and so that the action was not maintainable.

(Argued January 29, 1892; decided February 12, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department, entered upon an order
made October 16, 1891, which affirmed a judgment in favor
of defendant entered upon a decision of the court on trial at
Special Term.

This action was brought to recover certain railroad bonds
which belonged to the estate of Mendlech Gottberg, deceased,
and which had been delivered by South, plaintiff's co-executor,
to defendant as security for a loan.   The bonds were registered
originally in the name of both executors.   Aside from this
fact, the only proof upon which defendant was sought to be

charged was that the form of the advance was to South personally, that the word executor was not added to his signature to the note given for the loan, nor was that word added to the name of South written as payee in the check given by defendant, and that South did not inform the defendant that he desired the loan for the purposes of the estate. It appeared that South, by means of an order purporting to have been signed by his co-executor and himself caused the bonds to be registered in the name of defendant and. procured the loan for his own purposes.

The following is the opinion in full:

"The very careful consideration, which this case received at the hands of the learned justices in the courts below, renders it unnecessary that we should further discuss its questions. The General Term opinion practically adopted the opinion of the trial justice, except in the respect that they do not concur in a statement of the rule that to charge a purchaser or pledgee from an executor he must have had direct evidence that the money was not paid or advanced to the executor for a purpose connected with his administration of the assets, but for a different purpose.

"The General Term rest the rule of liability upon the foundation of such notice as would put a party of ordinary prudence on inquiry, and do not limit it to a notice from facts which disclose as a necessary conclusion a guilty or fraudulent purpose. If the learned trial justice intended to narrow the sale, as the General Term understood him to do, which seems from a reading of his whole opinion to be somewhat doubtful, then we agree in the correctness of their broader statement of the rule. The apparent facts of the transaction must be such as to put the intending purchaser or lender, upon such inquiry as would suggest itself to an ordinarily prudent person. That is, the facts need not be such as of themselves to establish or compel the conclusion of some wrong purpose; but if they furnish reasonable ground for believing in the existence of some dishonest intention to misapply the moneys; or that the borrower is in the very transaction applying it to his own private use, then the party dealing with the executor becomes responsible to those who are injured. That seems to be the

rule deducible from the cases which have been carefully collected and reviewed in the opinion below.

"The judgment is affirmed with costs."

*R. E. Robinson* for appellant.

*Adrian H. Joline* for respondent.

*Per Curiam* opinion for affirmance.
All concur, except MAYNARD, J., taking no part.
Judgment affirmed.

(Argued January 29, 1892; decided February 12, 1892.)